MARIA P. SHERWOOD *et al.*, Appellants, v. SANFORD J. MILLER, Respondent.

Kansas City Court of Appeals, May 20, 1889.

Judgment: WHAT IS NOT : STATUTE SO MAKING IT. An alleged judgment set out in the opinion, and declared on in the petition as valid under the statute of Pennsylvania, is examined and *held* not to be a judgment unless it be made so by statute law of that state, and as to what that law is neither this court nor the trial court had any means of knowing, as it was not offered in evidence, nor can it be assumed, had the judgment been admitted, it would have been followed by the offer of the statute.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Blair & Marchand,* for the appellants.

(1) Exhibit "A" as a judgment is an anomaly under our Missouri practice, but as each state regulates its own practice and the manner and mode of confessing, rendering and entering judgments we must look to the law of Pennsylvania. The law is set out in plaintiffs' petition. Had the record been allowed to be read we then would have introduced the law of Pennsylvania, authorizing judgment by confession and entry thereof, as is done in the record. *Haines v. Green,* 19 Mo. 323 ; *Matthews v. Parker,* 27 Miss. 642. (2) If the law of Pennsylvania required the prothonotary to render judgment upon such confessions, then there would be some grounds for holding the facts stated in the abstract not sufficient to constitute a judgment, but the law is otherwise, as will be seen in our petition the party confesses the judgment in writing. The judgment creditor then hands the judgment thus confessed to the prothonotary, and then he "enters," not "renders," the judgment

already confessed *in pais* in his docket; and also enters therein the instrument upon which said judgment is confessed. (3) Conceding the record defective as a judgment, the judgment having been admitted by debtor in his answer, the same should have been received in evidence over the objections of defendant. (4) The record was properly exemplified. Laws U. S. 1 Stat. 1879, secs. 905, 906, p. 696 ; *Omahundro v. Clarkson*, 13 Mo. App. 582 ; *Taylor v. Heitz*, 87 Mo. 660. (5) It is a universal rule that, where a contract is made, the laws of that country or state enter into and form a part of the contract. As to whether the judgment was revived in the names of the plaintiffs according to the laws of Pennsylvania, was a fact to be proven like any other fact. But we were prevented from making proof thereof by the premature ruling of the court. Freeman on Judgments, sections 564-69-88; *Deisers, Adm'r, v. Sterling et al.*, 10 Sergeant & Rawle, 119 ; *Gemmill v. Butler*, and authorities cited, 4 Barr. 232 ; *Oglesby v. Lee*, 7 Watts & Sergeant; Act, 1834, sec. 26, Leg. of Pennsylvania ; Perdon's Digest, page 98, and notes ; also 3 Map. 514, 54 Pa. 408 ; 4 Cent. Law Rep. 287 (6) The entry of judgment, though defective and informal, will be sustained. Substance is all that is required. Freem. on Judg., secs. 47, 48, 50*b*; *Fuller v. Keller*, 48 Mo. 542 ; *Bates v. Delavan*, 5 Paige [N. Y.] 299 ; *Davis v. Shaver*, Phill. [N. C.] L. 18 ; *Barrett v. Garrigan*, 16 Io. 47 ; *Ordinary v. McClure*, 1 Baily [S. C.] 7 ; *Harland v. Eastman*, Hand. [Ky.] 590 ; *Gibson v. Foster*, 2 La. Ann. 503 ; *Cromwell v. Bank*, 2 Wall. 560 ; *Aldrich v. Mitland*, 4 Mich. 205; *Fullerton v. Killerher*, 48 Mo. 542 ; *Maxwell v. Stewart*, 22 Wall. [U. S.] 77 ; *Terry v. Berry*, 13 Nev. 514 ; *Elliot v. Jordan*, 7 Bax. [Tenn.] 376 ; *Marsh v. Snyder*, 14 Neb. 8 ; *Humman v. Lewis*, 34 Tex. 474 ; *Gutzwider v. Crow*, 32 Minn. 70.

*P. F. Greenwood*, for the respondent.

(1) The petition shows on its face that the suit is prosecuted by plaintiffs as administrators, appointed as such in a foreign jurisdiction, while they style the suit Maria P. Sherwood and John L. Sherwood, plaintiffs. Yet they allege in the petition their appointment as such administrators by the register for the probate of wills of Wayne county, Pennsylvania, and the petition on its face shows no interest in them excepting such as they have by virtue of their administratorship, and in reply they admit the debt was due and owing them as administrators. *Naylor's Adm'r v. Moffat*, 29 Mo. 126 ; *Partnership Estate of Henry Ames & Co.*, 52 Mo. 290 ; *Morton v. Hatch*, 54 Mo. 408 ; *May v. Burk*, 80 Mo. 675. (2) The caption of the petition is immaterial, in determining the character in which plaintiffs sue. The allegations in the body of the petition must control. *Fuggle v. Hobbs*, 42 Mo. 537 ; *State to the use etc. v. Matson*, 38 Mo. 489 ; *Buckley v. Iron Co.*, 77 Mo. 105 ; *State ex rel. v. Dodson*, 63 Mo. 451. (3) If plaintiffs have in their petitions stated a cause of action in their representative capacity, then no recovery can be had on any individual interest they may have. *Burdyne v. Mackay*, 7 Mo. 374. (4) It is alleged in the petition that the note was executed November 17, 1880, due four years after date ; that on January 14, 1881, the prothonotary of Wayne county did enter a judgment in favor of said Munson Sherwood and against said defendant for the sum of $1000.00 to draw interest from the twenty-seventh day of November, 1880. The note was due on January 14, 1881. It was not brought in to be cancelled, but for obtaining a judgment bottomed on it. *Steamboat v. Lumm, etc.*, 9 Mo. 64 ; *Turk v. Stahl*, 53 Mo. 437 ; *McCoy v. Farmer*, 65 Mo. 244 and 249. (5) The laws of a sister state are facts, which must be pleaded and proved as such. *Flato v. Marshall*, 72 Mo. 522 ; *Sloan v. Torry*, 78 Mo. 623 ; *Morrissey v. Ferry Company*, 47 Mo. 521 ; *Houghtaling v. Ball*, 19 Mo. 84 ; *Myer v. McCabe*, 73

Mo. 236; *Long v. Long,* 79 Mo. 651; *Charloth v. Chouteau,* 25 Mo. 473. ( 6 ) Is the paper called exhibit "A" a judgment? A negative answer affirms this case. The paper submitted to the court as exhibit "A" has not the first characteristic of a final judgment. In practice it is true perhaps that the same amount of care is not taken now in preparing the judgment roll as in former times at the trial. But when it becomes necessary to sue on a judgment then the record must be drawn up in full and the ancient formalities must be observed at least in a measure. Bouv. Law Dict. [12 Ed.] p. 763, subdiv. 12 under head "judgments." This exhibit could have no greater force by reason of being rendered in Pennsylvania than if it had been rendered here as a domestic judgment. *Marx v. Fore,* 51 Mo. 69, bot. p. 73, top p. 74. ( 7 ) If it were possible to call this a judgment how stands the pretended revival or substitution in name of plaintiffs in this judgment so-called? To revive a judgment, see statute of Mo. 1879, secs. 2732 to 2743 inclusive. ( 8 ) It is a cardinal principle that whenever a party's rights are to be affected by a summary proceeding or motion in court that party should be notified in order that he may appear for his own protection. *George v. Middough,* 62 Mo. 549. ( 9 ) The order of trial is discretionary with the court. *State v. Linney,* 52 Mo. 40; *Cross v. Williams,* 72 Mo. 577. ( 10 ) As appellants say "this exhibit is an anomaly." They should have introduced the law in evidence which made their "anomaly" a judgment, if any such law they had, and by failing to introduce in evidence any such law, their "anomaly" was properly excluded. *Hofheimer et al v. Losen,* 24 Mo. App. 652. ( 11 ) The only presumption which can be indulged by our courts would be to presume the common law now in force in Pennsylvania, in the absence of any proof of the statutory law. Tested, then, by the common law, this exhibit is not a judgment. *Meyer v. McCabe,* 73 Mo. 236; *Warren v. Turk,* 16 Mo. 102; *Houghtaling v. Ball,* 19 Mo. 84; *Long v. Long,* 79 Mo. 651.

ELLISON, J.—This action is on a judgment alleged to have been rendered against the defendant in the state of Pennsylvania. The petition declares upon the judgment as being valid under the statute of the state, which is pleaded. The judgment, the entries thereon and certificates thereof are filed with the petition as exhibit "A." The trial was had without the intervention of a jury, and plaintiffs, for the purpose of sustaining the issues on their part, began by offering in evidence said exhibit "A," which is as follows:

## "EXHIBIT A.

"Among the records and proceedings enrolled in the court of common pleas in and for the county of Wayne, in the commonwealth of Pennsylvania, to number 131, February term, 1881, is contained the following:

'COPY OF CONTINUANCE DOCKET.

'Munson Sherwood   ⎱
     vs.       ⎰   'No. 131.
'S. J. Miller.

'Amicable action.—Debt on note. January 14, 1881, plaintiff files note drawn Nov. 27, 1880, for one thousand dollars, payable four years after date, confessing judgment for same, interest and costs and waiving inquisition and exemption. Interest payable annually.

'Judgment, $1000.00.

'Interest Nov. 27, 1880.

'Dec. 24, 1884.—The death of Munson Sherwood suggested and Maria P. Sherwood and J. L. Sherwood, administrators, substituted as plaintiffs. All interest paid to Nov. 27, 1883.

'GEO. G. WALLER,
'Pl'ffs' Att'y.'

Sherwood v. Miller.

'JUDGMENT DOCKET ENTRY.

| DEFENDANTS. | PLAINTIFFS. | NO. | TERM. | YEAR. |
|---|---|---|---|---|
| Miller, S. J. | Munson Sherwood | 131 | February | 1881 |

| NATURE. | WHEN ENTERED. | INTEREST FROM | AMOUNT. |
|---|---|---|---|
| Note | January 14, 1881 | November 27, 1880. | $1000.00 |

'COPY OF NOTE.

'$1000.00.          EQUINUNK, PA., Nov. 27, 1880.

'Four years (interest annually) after date, for value received, I promise to pay Munson Sherwood, or bearer, one thousand and $\frac{00}{100}$ dollars, with interest from date, without defalcation or stay of execution; and hereby confess judgment for the above sum, interest and costs, and authorize any prothonotary of any court of common pleas in Pennsylvania to enter judgment hereon, waiving the right of inquisition and property exemption, under the laws of this commonwealth, both in regard to property I now own or may hereafter own, and I agree that any property owned by me may be sold on any execution issued upon the judgment entered hereon.

'Witness my hand and seal the day and year aforesaid.

'S. J. MILLER, [seal.]'

'ENDORSED.

'No. 131, Feb'y T., 1881.
'Munson Sherwood *vs.* S. J. Miller.
'Note
'Filed, Jan'y 14, 1881.
'Enter judgment on the within note.

'WALLER & BENTLEY,
'Att'ys for Pl'ff.

'To C. Menner, Proth'y, Pl'ff, pd. $1.25.

'Commonwealth of Pennsylvania, ⎫
    'County of Wayne.              ⎬ ss.
                                   ⎭

'I, W. A. Gaylord, prothonotary of the court of common pleas in and for said county, do hereby certify that the foregoing is a full, true and correct copy of the whole record of the case therein stated, wherein Munson Sherwood, plaintiff, and S. J. Miller, defendant, as the same remains of record before the said court at number 131 of Feb'y term, A. D. 1881.

'In testimony whereof, I have hereunto set my hand and affixed the seal of said court, this twenty-fourth day of December, A. D. 1884.

'(seal)                    W. A. GAYLORD,
                              'Prothonotary.'

'I, Henry M. Seely, presiding judge of the Twenty-second Judicial District, composed of the counties of Wayne and Pike, do certify that W. A. Gaylord, by whom the annexed record, certificate and attestation were made and given, and who in his own proper hand-writing thereunto subscribed his name and affixed the seal of the court of common pleas of said county, was at the time of so doing, and now is, prothonotary in and for said county of Wayne, in the commonwealth of Pennsylvania, duly commissioned and qualified, to all of whose acts as such full faith and credit are and ought to be given as well in courts of judicature as elsewhere, and that the said record, certificate and attestation are in due form of law, and made by the proper officer, Dec. 24, 1884.

'H. M. SEELY, Presiding Judge.'

'Commonwealth of Pennsylvania, ⎫
    'County of Wayne.              ⎬ ss.
                                   ⎭

'I, W. A. Gaylord, prothonotary of the court of common pleas in and for the said county, do certify

Sherwood v. Miller.

that the Honorable Henry M. Seely, by whom the foregoing attestation was made, and who has thereunto subscribed his name, was at the time of making thereof, and still is, presiding judge of the court of common pleas, orphans' court and quarter sessions of the peace, in and for said county, duly commissioned and qualified; to all whose acts as such full faith and credit are and ought to be given, as well in courts of judicature as elsewhere.

> 'In testimony whereof I have hereunto set my hand and affixed the seal of said court, this twenty-fourth day of December, A. D. 1884.

'[seal.]                          W. A. GAYLORD,
                                  'Prothonotary'."

Defendant objected to such evidence for the reason, among others, that it was not a judgment. The objection was sustained. Whereupon plaintiffs took a nonsuit with leave to move to set it aside. After an unsuccessful motion they appeal to this court.

The paper offered in evidence purporting to be a judgment is not a judgment unless it be made so by the statute law of Pennsylvania, and as to what that law may be, we have no means of knowing, nor had the trial court, as it was not offered in evidence. Counsel, recognizing this proof as necessary to the success of his case, states that if the judgment had been admitted, the statute of Pennsylvania would have then been introduced. But this will not suffice; there was no offer of the statute and we cannot say what may or may not have been done. The point is insisted upon by the defendant and we are not at liberty to pass it by. The judgment will therefore be affirmed. All concur.